ELEANOR M. TESSIER, Respondent, v. STATE OF NEW YORK, Appellant.   (Claim No. 48718-A.)

Third Department, May 18, 1971.

*Louis J. Lefkowitz, Attorney-General (Richard L. McHale and Ruth Kessler Toch of counsel), for appellant.*

*Flower & Plotka (Edward Flower of counsel), for respondent.*

STALEY, JR., J.   This is an appeal by the State from a judgment of the Court of Claims, entered June 4, 1970, awarding $26,312 for the appropriation of certain lands for highway purposes.

On February 16, 1965, the State appropriated two parcels of land in the Town of Islip, New York, owned by respondent. Appellant raises no objection to the award for parcel 165 which contained only 472 square feet.   Parcel 166 had 127 feet of frontage on Sunrise Highway, and contained 21,750 square feet.   The land was level, wooded and unimproved, and zoned as Industrial 1.   The court found that the highest and best use of parcel 166 was "industrial as zoned, with a reasonable probability of permission being granted for gasoline sales use after its rezoning to 'Business 3' has been achieved", and, further, that "the necessary rezoning and permit are probable ".

Claimant's appraiser testified that the highest and best use of parcel 166 was commercial use or a gas station, and that there was a reasonable probability that the rezoning and special permit for a gas station would be granted. State's appraiser testified that there was no such reasonable probability, and that the highest and best use was for a retail neighborhood business.

"A particular best use of condemned property may be the basis of an award even though governmental activity in the form of issuance of zoning variances is required, provided it is established that the granting of such variances was reasonably probable." (*Matter of City of New York [Shorefront High School —Rudnick]*, 25 N Y 2d 146, 149.)

Claimant's appraiser based his conclusion as to highest and best use on the factors that the pattern of gas stations that existed along the highway would include the subject property; that there were no gas stations so close that zoning officials would have felt that there were too many gas stations; and that there was no residential use close enough to the subject property that would have militated against its use as a gas station. In our opinion, these factors alone are not adequate to support the assumption that there was a reasonable probability that the property would be granted a gas station permit.

Claimant testified that she had never made any application to have the property rezoned. There was no evidence of any prospective purchasers of the property for use as a gas station during the 24 years that claimant owned it. The State's appraiser testified that, in his opinion, there was not a reasonable probability that the property would be rezoned for use as a gas station on the basis of his analysis of zoning applications; that a gas station on the property would create a traffic problem; and by reason of the property's proximity to a game preserve.

In *Matter of City of New York (Shorefront High School — Rudnick, supra)*, the award was based on a finding of highest and best use of the property as a site for a high-rise apartment building. Even though the record indicated that there were similar projects in the area; that the comparable sales used by the appraiser indicated that there was an actual market price of land for such sites; and that there might be some possibility of securing a government subsidy for a project on claimant's property, the court held that claimant failed to establish the reasonable probability that such a subsidy would have been granted to the claimant.

In *Masten v. State of New York* (11 A D 2d 370, 371, 372, affd. 9 N Y 2d 796), this court held that the proof established " the reasonable probability that the zoning might be changed " based

on the ground that "here the effect is to evidence a condition and continuing trend that rendered early rezoning very nearly inevitable ". The evidence here falls far short of substantiating such a condition or trend.

Similarly, in *Yochmowitz* v. *State of New York* (25 A D 2d 930, mot. for lv. to app. den. 18 N Y 2d 579), this court found that the record substantiated the finding that there was a reasonable probability of an imminent change in zoning from residential to business. In that case, however, part of the appropriated property, prior to the taking, had been zoned for business, and the entire frontage on the highway opposite the property was zoned for business, which testimony was submitted by a planning and zoning expert.

There is not sufficient evidence in the record here concerning the chance of success in obtaining a gas station permit, and the proof does not support the finding that there was a reasonable probability that such a permit would be obtained.

The judgment should be reversed, on the law and the facts, and a new trial ordered.

HERLIHY, P. J., REYNOLDS, SWEENEY and SIMONS, JJ., concur.

Judgment reversed, on the law and the facts, without costs, and a new trial ordered.